IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY M. NASH | ) | CASE NO. 1:10CV2926 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| BOB REID, *et al.* | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Timothy M. Nash filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Bob Reid, Cuyahoga County, Ohio Sheriff, City of Cleveland Police Department, Robert Triozzi, City of Cleveland, Ohio Law Director, Cuyahoga County Public Defenders Office, Kathline DeMettts, Assistant Cuyahoga County Public Defender and Earl B. Turner, Cleveland Municipal Court Clerk. He alleges that he was illegally arrested and maliciously prosecuted. The Deputy Clerk for Defendant Turner allegedly made an independent determination of probable cause. While Plaintiff was represented by Defendant Demetts, Defendants obtained an unconstitutional indictment. Further, unspecified Defendants filed a false probable cause statement and an indictment based on perjury. Plaintiff requests damages in the amount of $25,000,000.00 and a freeze on Defendants' assets.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197

(6th Cir. 1996). For the reason stated below, this action is dismissed pursuant to section 1915(e).

There are no allegations against Sheriff Reid, Robert Triozzi or the Cuyahoga Public Defenders Office. Further, Plaintiff has not contended that Clerk of Court Turner knew or participated in the alleged illegal conduct. The Sixth Circuit held in *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). A defendant cannot be held liable under § 1983 based on the theory of *respondeat superior*. *Browning v. Pennerton*, 633 F. Supp.2nd 415, 431 (E.D. Ky., 2009). Therefore, Sheriff Reid, Robert Triozzi, Clerk of Court Turner and the Cuyahoga County Public Defenders Office must be dismissed as party Defendants.

Further, a clerk of courts is entitled to absolute immunity when performing judicial functions even if acting erroneously, corruptly or in excess of jurisdiction. *Bolling v. Garrett*, 2008 WL 2610234 * 2 (E.D. Mich., Jun. 30, 2008) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996)).

A police department is not an entity capable of being sued. *Moore v. City of Cleveland,* 2006 WL 2947052, 5 (N.D. Ohio, Oct.16, 2006). It is merely a municipal agency or department of the city rather than a separate legal entity. *Moore v. Chattanooga Police Dept.*, 2008 WL 3896114 * 3 (E.D. Tenn., Aug. 19, 2008) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (police departments are not legal entities which may be sued); *Obert v. The Pyramid,* 381 F.Supp.2d 723, 729 (W.D. Tenn. 2005) (police department is not a legally-existing entity). Therefore, the Cleveland

Police Department is not a proper party to this action and must be dismissed.

Plaintiff asserts that he was indicted while being represented by Assistant Cuyahoga County Public Defender Kathline DeMetts. A public defender in not involved in determining who gets indicted, nor can she prevent it. Her responsibilities begin after indictment. Therefore, the Complaint does not state a cause of action against her or the Cuyahoga County Public Defenders Office.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date:   2/1/2011                                               S/Christopher A. Boyko
                                                      JUDGE CHRISTOPHER A. BOYKO
                                                      UNITED STATES DISTRICT JUDGE